**SO ORDERED.**

**SIGNED this 27 day of February, 2008.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

**Not Designated for Publication**
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In Re:** | |
| **ALICE MARIE NONDORF,** | **CASE NO. 07-11614-7** |
| **DEBTOR.** | **CHAPTER 7** |
| **KENNEDY BERKLEY YARNEVICH & WILLIAMSON, CHTD.,** | |
| **PLAINTIFF,** | |
| **v.** | **ADV. NO. 07-5333** |
| **ALICE MARIE NONDORF,** | |
| **DEFENDANT.** | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This proceeding is before the Court on the Defendant-Debtor's motion to dismiss.

She appears by counsel William H. Zimmerman, Jr. The Plaintiff has not responded to the motion. The Court is ready to rule.

When the Debtor filed her Chapter 7 bankruptcy petition, the Clerk's Office set the meeting of her creditors for August 13, 2007. Pursuant to § 523(c)(1) of the Bankruptcy Code and Interim Federal Rule of Bankruptcy Procedure 4007(c), this established October 12, 2007, as the deadline for creditors to file complaints under §§ 523(a)(2), (4), or (6) of the Code to determine the dischargeability of the debts owed to them. As shown by the Court's electronic filing system, the Plaintiff filed the complaint that commenced this proceeding very early on October 13, 2007, at four minutes after midnight. The complaint alleges the Debtor obtained services from the Plaintiff by false pretenses, a false representation, or actual fraud, invoking the exception to discharge specified in § 523(a)(2)(A).

Because the complaint was filed after the deadline expired, the Debtor asks the Court to dismiss it. Despite notice that the Court would wait until January 4, 2008, to take the Debtor's motion under advisement, the Plaintiff has filed no response. The Court is reluctant to dismiss a complaint filed four minutes late. As explained a few years ago in *Sunflower Bank v. Otte (In re Otte)*,[1] the Court believes the deadline set by Rule 4007(c) is subject to the defenses of waiver, estoppel, and equitable tolling. The Plaintiff has not raised these or any other defenses, however, so the Debtor's motion must be

---

[1] Case No. 03-23696-7, Adv. No. 04-6007, 2004 WL 2187175 (Aug. 4, 2004).

2

granted.

       The foregoing constitutes Findings of Fact and Conclusions of Law under Rule 7052 of the Federal Rules of Bankruptcy Procedure and Rule 52(a) of the Federal Rules of Civil Procedure.  A judgment based on this ruling will be entered on a separate document as required by FRBP 9021 and FRCP 58.

# # #

Case 07-05333    Doc# 7    Filed 02/27/08    Page 3 of 3